```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STAFFING PLUS, INC., | CIVIL ACTION NO. 05-4242 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| TEAM REHAB SERVICES, LLC, et al., | |
| Defendants. | |

**THE COURT** ordered the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 2.) The plaintiff — Staffing Plus, Inc. ("SPI"), a Pennsylvania citizen — (1) brought this action on August 26, 2005, inter alia, to recover damages for breach of contract, (2) asserts jurisdiction under Section 1332 (see Compl., at 1-2), and (3) bears the burden of demonstrating jurisdiction. See McCracken v. Murphy, No. 04-3454, 2005 WL 995510, at *1 (3d Cir. Apr. 29, 2005). The Court examined jurisdiction sua sponte. See Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking).

**I.   TEAM REHAB SERVICES, LLC**

SPI alleges the defendant Team Rehab Services, LLC ("TRS"), is "a New Jersey limited liability company, with its principal place of business [in] New Jersey," and "upon information and belief, there are no shareholders of [TRS] who reside in Pennsylvania." (Compl., at 2.) These jurisdictional allegations are insufficient.

**A.   Members Of Limited Liability Companies**

SPI fails to list the members, as opposed to "shareholders," of TRS. Limited liability companies, as opposed to corporations, are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); see Ferrara Bakery & Café v. Colavita Pasta & Olive Oil Corp., No. 98-4344, 1999 WL 135234, at *2 (S.D.N.Y. Mar. 12, 1999) (stating for "diversity jurisdiction, the citizenship of LLCs formed under the [New Jersey Limited Liability Company Act] is the citizenship of its entire membership"). Also, each membership layer of a limited liability company must be analyzed to determine its citizenship. Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning limited-liability-company member, which was itself a limited liability company); Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association must be traced through however many layers of members there may be).

**B.   Citizenship Allegation**

SPI fails to properly assert the citizenship — as opposed to "residence" — of each TRS member. Allegations on where a person or an entity resides, is domiciled, is licensed, or has a place

of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship."  Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982); see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).

    **C.**    **Definitive Allegation**

SPI fails to allege the citizenship of TRS's members in a definite manner, as opposed to "upon information and belief." Allegations that are "upon information and belief," or not specific (e.g., citizen of "state other than Pennsylvania"), are not sufficient.  See Lewis v. Cons. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is "upon information and belief" is insufficient); Poling v. Hovnanian Enters., 99 F.Supp.2d 502, 516 (D.N.J. 2000) (granting motion to dismiss for lack of jurisdiction since, inter alia, allegation that "no plaintiff is from same state as any defendant" insufficient absent averment of particular states of which parties are citizens), appeal dismissed, Nos. 00-1933 & 00-2041, 2002 WL 521705 (3d Cir. Mar. 28, 2002); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating "upon information and belief" citizenship allegation "does not convince the Court that there is diversity among the parties").

**II.**  **JAY S. ZIMMET**

SPI alleges that "upon information and belief" the defendant Jay S. Zimmet "resid[es]" in New Jersey.  (Compl., at 2.)  This

3

jurisdictional allegation is insufficient.  SPI fails to assert Zimmet's citizenship — as opposed to residence — in a definitive manner.  See Parts I.B & I.C, supra.

### III. AVOIDING DISMISSAL

The Court was concerned that either TRS or Zimmet would be deemed a citizen of, among other states, Pennsylvania, and thus SPI would not be a "citizen[] of [a] different State[]" in relation to each defendant.  28 U.S.C. § 1332(a)(1).  A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal."  Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004).  Thus, SPI was advised that the Court intended to dismiss the complaint for lack of jurisdiction under Section 1332 unless SPI (1) provided a list specifically naming each member of TRS, and properly alleged the citizenship of each member, as of August 26, 2005, (2) properly alleged Zimmet's citizenship as of August 26, 2005, and (3) demonstrated jurisdiction under Section 1332.  (10-27-05 Order to Show Cause.)

SPI was advised that a failure to strictly abide by the Court's directives, or an application for discovery or time to discern jurisdiction, would result in the complaint's dismissal.  (Id.)  SPI should have ascertained jurisdiction before it chose to bring an action in federal court, rather than in state court.  See

4

<u>Techstar Inv. Partn. v. Lawson</u>, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure 11); <u>see also</u> <u>Cohen v. Kurtzman</u>, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting Rule 11 motion for unsupported jurisdiction allegation); <u>Hussey Copper v. Oxford Fin. Group</u>, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).  When a party is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity."  <u>CGB Occ. Therapy v. RHA Health Servs.</u>, 357 F.3d 375, 382 n.6 (3d Cir. 2004).

But SPI was advised further that a dismissal here would be without prejudice to re-commence the action in state court, as the limitations period for the causes of action is tolled by the filing of the federal complaint.  <u>See</u> <u>Young v. Clantech, Inc.</u>, 863 F.2d 300, 301 (3d Cir. 1988); <u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980).

The order to show cause was returnable on December 14, 2005. (10-27-05 Order to Show Cause.)  SPI has failed to respond. Thus, the Court intends to dismiss the complaint for lack of jurisdiction under Section 1332.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge